U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 30 2021
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRANDI LEE BRADDOCK, | § | |
| | § | |
| Applicant,[1] | § | |
| | § | |
| VS. | § | NO. 4:21-CV-801-A |
| | § | |
| WARDEN MICHAEL CARR, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the application of Brandi Lee Braddock, applicant, for writ of habeas corpus under 28 U.S.C. § 2241. The court, having considered the application, the record in the underlying criminal case, No. 4:17-CR-161-A, and applicable authorities, finds that the application must be dismissed.

I.

### Ground of the Application

Applicant purports to set forth three grounds in support of her application, but it is clear that the basis of her application is the contention that she is "actually innocent" of a firearm enhancement used to increase her sentence and that she should be entitled to relief under § 2241. Doc.[2] 1; Doc. 2.

---

[1] The document filed reflects that it is a "petition" and that Brandi Lee Braddock is the "petitioner." However, the statute itself refers to an "application" for writ of habeas corpus. 28 U.S.C. § 2241.

[2] The "Doc.___" reference is to the number of the item on the docket in the civil action referenced.

II.

Background

On February 16, 2018, applicant was sentenced to a term of imprisonment of 200 months after pleading guilty to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846, under Case No. 4:17-CR-161-A in this court. CR Doc.[3] 100. She did not appeal.

On February 19, 2019, the court received for filing applicant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody, which was assigned Case No. 4:19-CV-161-A. In it, she asserted four grounds all based on purported ineffective assistance of counsel. Doc. 1. By memorandum opinion and order and final judgment signed April 10, 2019, the court denied the relief sought. Doc. 6 & 7. Applicant appealed, Doc. 8, and the judgment was affirmed. Doc. 15.

On November 14, 2019, applicant filed another motion under § 2255, this time urging that she was entitled to relief under Davis, presumably referring to United States v. Davis, 139 S. Ct. 2319 (2019), which was assigned Case No. 4:19-CV-966-A. Doc. 1. The court dismissed the motion as a second or successive one

---

[3] The "CR Doc. ___" reference is to the number of the item on the docket in the underlying criminal case, No. 4:17-CR-161-A.

2

filed without leave. Docs. 4 & 5. Applicant appealed and her appeal was dismissed for want of prosecution. Doc. 11.

III.

Applicable Legal Principles

An application for writ of habeas corpus under 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 serve distinct purposes. Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). Section 2255 is used to challenge errors that occurred during or before sentencing. Id.; Ojo v. I.N.S., 106 F.3d 680, 683 (5th Cir. 1997). Section 2241 is a means of attacking the manner in which a sentence is executed. Pack, 218 F.3d at 451; Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). A § 2241 application that challenges the validity of a conviction and sentence is ordinarily dismissed or construed as a § 2255 motion. Pack, 218 F.3d at 452.

A federal prisoner may challenge the legality of her detention under § 2241 if she falls within the "savings clause" of § 2255, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

3

28 U.S.C. § 2255(e). Hence, the court may consider a petition attacking a sentence under § 2241 "*if* the petitioner establishes that the remedy under § 2255 is inadequate or ineffective." Tolliver, 211 F.3d at 878 (emphasis in original).

The bar against filing successive § 2255 motions does not render § 2255 inadequate or ineffective so as to allow a petitioner to invoke the savings clause of § 2255. Tolliver, 211 F.3d at 878. Nor does the time bar, the one-year limitations period, for filing such motions. Pack, 218 F.3d at 452. Instead, the savings clause of § 2255 applies only to a claim "(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). The first prong is generally considered the "actual innocence" requirement. Id. A claim of actual innocence of a sentencing enhancement does not meet the test. Houston v. Upton, 460 F. App'x 419, 420 (5th Cir. 2012)(citing Padilla v. United States, 416 F.3d 424, 427 (5th Cir. 2005); Reyes-Requena, 243

F.3d at 904; Kinder v. Purdy, 222 F.3d 209, 213-14 (5th Cir. 2000)).

When an applicant cannot satisfy the savings clause, the proper disposition is dismissal of the § 2241 application for want of jurisdiction. Christopher v. Miles, 342 F.3d 378, 379, 385 (5th Cir. 2003); Lang v. Wilson, No. 4:16-CV-1018-O, 2018 WL 684890, at *3 (N.D. Tex. Feb. 1, 2018).

IV.

Analysis

Here, applicant fails the first prong of the savings test for several reasons. First, she is attacking a sentencing enhancement, which is not sufficient to show actual innocence. See Houston, 460 F. App'x at 420 (citing cases). Second, the Supreme Court case upon which she relies has no application to the facts of her case. In Rehaif v. United States, 139 S. Ct. 2191 (2019), the Supreme Court held that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the government must prove both that the defendant knew he possessed a firearm and knew that he belonged to the relevant category of persons barred from possessing a firearm. And third, applicant could not prevail on the merits of her claim in any event. She bases her argument on the contention that she was held responsible for a firearm under the driver's seat of a car in which she fled from police. Doc. 2

5

at 3. The presentence report reflects that she received the enhancement based on a pistol in her bedroom, where drugs and drug paraphernalia were also found. CR Doc. 86, ¶ 31.

V.

Order

The court ORDERS that applicant's application under 28 U.S.C. § 2241 be, and is hereby, dismissed for lack of jurisdiction.

SIGNED June 30, 2021.

_____
JOHN MCBRYDE
Senior United States District Judge